Our next case is Google v. Sonos, 2023-1259. Mr. Tucker, when you are ready. Thank you, Judge Lurie. Good morning, Your Honors. May it please the Court. The Board made two errors regarding the five delay value claims. First, for the Baker-McMillan ground, the Board adopted Sonos' generic motivation to combine analysis that was untethered to the invention recited in those five claims. Second, while the Board correctly determined that the Marmon-Shumake combination does not render obvious claim three, it failed to apply those findings to the other four delay value claims. So I'd like to start with the Baker-McMillan ground. The Court's decisions in active video and TQ Delta make clear that Sonos needed to show why a skilled artisan would have, quote, combined elements from the specific references in the way the claimed invention does. That guidance echoes this almost verbatim guidance in KSR, stressing the importance of showing why one skilled in the art would have combined the references in the way the claimed invention does. Here, the claimed invention for each of the delay value claims requires a two-step process. First, determine the delay value, and then second, wait that determined delay before transmitting the packet. Sonos and the Board's motivation to combine analysis didn't address those specific limitations of the claims. Instead, they grouped together the five delay value claims that all require this delay and 10 or five other claims, and they addressed a generic motivation to combine for avoiding packet collisions that they purported to apply to all 10 claims. Is it your view that as a matter of law, the Petitioner is required to address motivation on claim-by-claim basis? Our position, yes, because the case law requires that the motivation to combine show why one skilled in the art would have combined the elements in the way the claimed invention does. We're not saying, as Sonos alleges we are, that you always have to have a specific and different reason for combining elements for every single dependent claim, but you have to tether the motivation to combine analysis to what that claim adds to the other claims. I think I can use an example in this case. Claims two and three interact with each other. Claim three depends from claim two. They both recite methods of collision avoidance, but do so in different ways. Claim two does not recite or require a delay value, determining a delay value. Instead, it listens to the channel, and if the channel is clear, then it allows the transmission to proceed. Sonos applied the same generic motivation to combine analysis for both claim two and claim three, which then depends from claim two and adds a further limitation requiring the delay. Our question is, if you've already combined Baker and McMillan, according to Sonos, to allegedly solve this problem of packet collision avoidance to reach claim two, what else motivates one skilled in the art in this instance to add an additional limitation of the delay value claim for claim three? Sonos never explained why one skilled in the art would hypothetically give me an example of what the explanation might have been. I'm really not absorbing what you're saying, what more they needed to do. So I think they needed to tether the analysis to the specific elements of the claim and explain why it's not enough to say collision avoidance would have motivated one skilled in the art. Why would you choose that determining a delay and then waiting the delay? So, for example, was it a finite number of identified predictable solutions that one of skilled in the art would have chosen with a reasonable expectation of success? If there was testimony there, that may have been good enough. That testimony is not in this record. Instead, there's just four generic paragraphs at A183 to A185. The first paragraph simply is a topic sentence. It summarizes that one skilled in the art would have been motivated to combine the teachings. The second paragraph just talks about McMillan and identifying a collision problem and solving it using collision avoidance techniques, but doesn't disclose the specific techniques required of the delay value claims. The third paragraph simply explains that Baker also suffered from collision problems and that one skilled in the art would have looked to McMillan generally, again, to apply collision avoidance techniques in Baker, but again, does not address the specific requirements of the claims. In other words, why would one skilled in the art select the disclosure in McMillan of specifically identifying a delay and then waiting that delay, as opposed to all of the other collision avoidance techniques that were known in the art? And on this point, I think it's also important, McMillan explains that there are multiple or many collision avoidance techniques known to one skilled in the art, but the problem with Sonos' motivation to combine analysis is it doesn't explain why that specific one, the one required of these claims, would have been obvious to one skilled in the art. Does McMillan have an embodiment that has both of the solutions that your claims have? Doesn't it disclose a single embodiment that itself has both? It does. And is that not, I don't know, helpful to showing that one skilled in the art might be motivated to combine and come up with an embodiment just as McMillan had done? Again, Your Honor, that's not an argument that Sonos made. And I think that for us is really kind of getting to the crux of the argument here, is that it was Sonos' burden to articulate a motivation to combine these two references in the way the claimed invention does. And instead of... So what more would they have had to say? And are you saying it had to have been in the four paragraphs that they had in the petition and they couldn't state it after that? I don't think they added anything meaningfully after the petition, but I do think they would have had to articulate their motivation to combine in the petition. And again, I think they needed to tie that motivation to combine analysis to the claimed invention. They needed to show why one skilled in the art would have been motivated to use that specific collision avoidance technique of determining a delay and then waiting that delay before transmitting in order to show that that set of claims was unpatentable. They didn't do that. Instead, they relied on collision avoidance generally for their motivation to combine analysis. What's your best case that says you can't be that general about the motivation to combine? Sure. So active video and TQ Delta are both close to on point here. Both of them, active video rejected testimony that failed to explain why, quote, a person of skill in the art would have combined elements from specific references in the way the claimed invention does. And in that case, the expert looked at different prior art elements and said that they were modular and that you could substitute one prior art element for another without changing the operation of the total system. That's similar to what Sonos is trying to do here, right? You pick and choose your own collision avoidance technique. If we need to do claim three, we'll use the delay value. If we need to do a different claim, we'll use frequency hopping or waiting to see if the channel is clear. That's very similar to what Sonos' expert did. And in that case, the court found that the testimony was generic or no relation to any you would combine specific elements in the way the claimed invention does. I think the other point about case law, Judge Stark, the parties cite a lot of cases in the brief and discuss a lot of this court's case law. Of all the cases that Sonos cites, including KSR, Intel, Inrate Dance, General Electric, and Ruiz, in each of those cases, the court or the board actually did articulate a motivation to combine analysis that was related to the claim language at issue. And none of those cases endorsed this idea that you can have a generic motivation to combine to attack multiple interdependent claims without addressing their claimed inventions. One case I would just like to highlight, it's a case that Sonos cites a few times, is the Intel case, which vacated the board's finding that the patent would not have been obvious. Sonos cites the case for showing that you can have a generic idea like increased energy efficiency to provide a motivation to combine. But this goes to my point, if you actually look at the court's analysis in that case, it was much more detailed than just saying that, oh, you would want to increase energy efficiency or make some other generic reason for the motivation to combine. Instead, there, the expert explained, the court said, both how to implement the combination, including providing an annotated figure that showed how the circuitry of the two references would come together and why one skilled in the art would do so, focusing on not just the need to improve the efficiency of the circuit, but recognizing that once you added a switch to turn the circuit off, which was the thing missing from the secondary reference, that that would cause a known problem to which the secondary reference provided the solution. So again, the court's analysis in all of these cases is much more detailed than simply glossing over some generic problem and a generic solution to the problem. Instead, all of those cases actually look at the claim limitation when deciding the motivation to combine. Unless there are questions on Baker and McMillan, I would just like to briefly touch on the second issue, which is Marmon and Shoemake. I will try to be quick. Here, the board correctly concluded that Claim 3, which is one of the delay value claims, is not unpatentable. Our argument is that the board's determination needed to be consistent across all of the delay value claims. I think at least the parties agree that Claim 4 goes with Claim 3. Sonos alleges that we waived the argument for Claims 11, 12, and 20, and we submit that the substance of the issue there, because Claims 3, 11, and 20 recite the same element, the substance of the issue is the same, and the board was on notice of it. I see that I'm into my rebuttal, so I'll reserve the rest of my time. We will do that. Thank you, Judge Lurie. Ms. Moulton. Okay. Thank you. May it please the Court, Elizabeth Moulton for Apo Lee Sonos. The board's finding at Appendix 23 that avoiding message garbling and reducing wireless traffic would motivate an artisan to combine McMillan's collision avoidance technique with Baker's wireless mesh network is supported by substantial evidence. Sonos's petition explained that each limitation of the delay value claims was disclosed in McMillan, including Claim 4's requirement of listening to the network and waiting a random period of time before sending a message. Counsel, isn't there an inconsistency in the board's treatment of Claims 3 and 4? It didn't invalidate Claim 3 on some of the references, and yet it found that Claim 4 was invalid, and Claim 4 is a dependent claim. So that applies to the Marm and Shoemake combination, but not to the Baker-McMillan combination. Baker and McMillan apply to all of the challenge claims. So if you affirm on that basis, you would be affirming the entire decision, including Claim 4. But if we didn't affirm on the first grounds, Judge Lurie is correct about that error on the second ground. That's correct. So when we look at Appendix 2229, which is... What would be the resolution then, if we didn't affirm on Baker and McMillan? If you didn't affirm on Baker and McMillan, then Claims 3 and 4 would be not obvious, and the remaining challenge claims would be obvious. But the board's findings on Baker and McMillan are supported by substantial evidence and should be affirmed. Sonos's expert explained that there was a motivation to combine McMillan's collision avoidance technique, which meets all of the challenge-dependent claims, with Baker's wireless mesh network. The expert declaration is at Appendix 1157, and if we look specifically at Paragraph 392, the expert links the specific claim step of weighting a delay value with the network traffic. And at no point did the board ignore any of the limitations from the dependent claims. It specifically agreed with Sonos that each element of the dependent claims is found in one embodiment of McMillan at Column 16, which is Appendix 2229, and then agreed that there was a motivation to combine that technique, which meets every dependent claim, with Baker's wireless network. And the board made those findings at Appendix 25 and 26. What Google apparently wanted was for Sonos and the board to repeat exactly what McMillan's collision avoidance technique was in each paragraph of Sonos's motivation to combine argument. But that's not required, and it would conflict with KSR to require such a rigid articulation of the motivation to combine. I'll just note that in both General Electric and Intel, the motivation to combine was a fairly high-level motivation to combine. In General Electric, it was to increase the fuel efficiency of a jet engine, and in Intel, it was to increase the efficiency of a circuit. And the court applied that motivation to combine to multiple claims, including nested dependent claims in General Electric, to find very specific claim limitations invalid. In General Electric, things like a specific speed of a fan and the gear ratio within the jet engine. So there's no distinction between General Electric in this case. If there are no further questions, we'll ask the court to affirm. What about Active Video and TQ Delta? Why are they not a problem? So Active Video, the court affirmed the district court's exclusion of expert testimony, so the standard of review was abuse of discretion. And in that case, the court found that, or the district court found the expert's testimony was completely conclusory. And the same is true in TQ Delta. That case was not an abuse of discretion standard, but this court found that the expert's explanation of a motivation to combine wasn't tethered to the combination at issue. In this case, the motivation to combine is specific to the collision avoidance techniques. It's to avoid message garbling and reduce wireless traffic. And the board found that when you make that combination of Macmillan and Baker, you achieve those benefits and you meet every limitation of the claims. So for that reason, the board should be affirmed. Thank you, counsel. Thank you. Mr. Tucker has some rebuttal time. Don't have a lot to rebut, but if you have time. Thank you, Judge Lurie. Maybe we could talk about the cases that my colleague mentioned briefly. On the Active Video case, it was a review of a JMOL of no invalidity, which I believe is but also reviewed in the light most favorable to the non-moving party to determine if no reasonable juror could make that finding. So actually, I think the standard of review is actually pretty close to a substantial evidence standard that we're looking at today. On the TQ Delta point, it was a reversal of the board's obviousness determination to the exact same procedural posture that we're asking for here. I think it's also interesting that that case also dealt with communication integrity and ways to make sure that communications were being transmitted successfully between two different devices. And there, the court held that the expert's declaration that combining two references would have been a relatively simple and obvious solution to reduce the problem in the first prior art reference was not sufficient. On the General Electric case, I actually disagree that this is really on point. I think it's off a bit factually, and considering the context of that case, I think is important. So there, the board had improperly required a petitioner to explain not just why it would have been obvious to combine two references, but why when you made that combination, you wouldn't take out other parameters that were already in the prior art when you made the combination. So we're not really arguing about that. We're not arguing about whether it's obvious to take out something already disclosed in the prior. We're talking about the motivation to combine the two references in the specific way that the claim requires. Unless the court has any other questions, I'll save the rest of my time. Thank you, counsel. The case is submitted. Thank you.